IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:12cv85-MHT |
| | ) | |
| ROBERT EIKE, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

The *pro se* plaintiff, Peter J. Smith ("Smith"), brings this action pursuant to Title II[1]

and VII[2] of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., alleging that

he was discriminated against on the basis of his race (African-American) when he was

refused service at a Chick-Fil-A restaurant, and then asked to leave the restaurant before

receiving his food.  Robert Eike, the franchised operator of the Chick-Fil-A restaurant, is the

sole remaining defendant.[3]  The court has jurisdiction of the plaintiff's claims pursuant to its

---

[1]  Title II  prohibits discrimination on the basis of race "in any place of public accommodation"
whose operations affect interstate commerce, including "any restaurant, cafeteria, lunchroom, lunch counter,
soda fountain, or other facility principally engaged in selling food for consumption on the premises,..."  42
U.S.C. § 2000a(b)(2).

[2]  Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin in a
variety of employment practices.  *See Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1555 (11th Cir.
1995).

[3]  Smith initially named Chick-Fil-A, Inc. as  a defendant.  On April 13, 2012, after Smith amended
the complaint to add Eike as a defendant, the parties agreed to dismiss Chick-Fil-A, Inc. as a defendant.  *See*
Doc. # 23 & 24.  Consequently, this action is proceeding against only Robert Eike as the franchised operator
of the Chick-Fil-A restaurant at issue.

federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 28 U.S.C. § 2000e-5.

Now pending before the court is the defendant's motion to dismiss the plaintiff's Title VII claim.  *See* Doc # 28.  Despite being given the opportunity, Smith has filed nothing in response or in opposition to the motion.  After careful review, the court concludes that the defendant's motion to dismiss should be granted.

## II.  THE STANDARD OF REVIEW

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor.  *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

While a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must plead "enough facts to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).

> We take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[].  *Rivell v. Private Health Care Sys., Inc.*., 520 F.3d 1308, 1309 (11th Cir. 2008).  We are not, however, required to accept the labels and legal conclusions in the complaint as true.  *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (stating that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  . . . "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal*, 578 F.3d at 1260 (citing *Iqbal*, 129 S.Ct. at 1950; *Twombly*, 550 U.S. at 561-62, 570, 127 S.Ct. at 1968-69, 1974). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*. 550 U.S. at 557, 127 S.Ct. at 1966-67).

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,  556U.S. at 678.  "[A] plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly* , 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted).

*Fin. Sec. Assur., Inc. v. Stephens, Inc.* 500 F.3d 1276, 1282 (11th Cir. 2007).

In *Twombly, supra*., the Court "rejected the notion that "a wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support

3

recovery." *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.* 500 F.3d 1293, 1303 (11th Cir. 2007).

## III. DISCUSSION

In his complaint, Smith asserts that, on January 12, 2012, he was refused service at the Chick-Fil-A restaurant located at the Montgomery Promenade Shopping Center in Montgomery, Alabama.  Smith alleges that he was "removed from the restaurant against [his] will after [he] requested to order some more food" by a white manager of the restaurant. (Doc. # 1, Comp. at 1, ¶ 5).

The undisputed evidence shows that Smith was not an employee of the Chick-Fil-A restaurant, but rather was a customer or guest.  Defendant Eike argues that he cannot be liable under Title VII because, at no time, was he the plaintiff's employer, nor was the plaintiff employed by the  restaurant.  The plaintiff does not dispute Eike's contention, and he does not allege or point the court to any contrary facts that suggest he was employed by Eike.  Consequently, Eike is not subject to suit under Title VII, and therefore, Smith has failed to state a claim for which relief can be granted.

Title VII prohibits discrimination against "any individual" with regard to that individual's terms and conditions of employment or application for employment. *See* 42 U.S.C. § 2000e-2(a) (1994).[4] "[O]nly those plaintiffs who are "employees" may bring a Title

---

[4] 42 U.S.C. § 2000e-2(a)(1) makes it unlawful for an *employer* "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;..."

VII suit." *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998). Because it is undisputed that Smith was a customer, and not an employee, of the Chick-Fil-A restaurant, the court concludes that Eike's motion to dismiss is due to be granted, and the plaintiff's Title VII claim against Eike is due  to be dismissed.

## IV.  CONCLUSION

Accordingly,  for  the  reasons  as  stated,  it  is  the  RECOMMENDATION  of  the Magistrate Judge that the defendant's motion to dismiss be GRANTED, that the plaintiff's Title VII claim be DISMISSED, and that this case, with respect to the plaintiff's remaining Title II claim, be REFERRED BACK to the undersigned for further proceedings.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 6, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE